# IN THE SUPREME COURT OF PENNSYLVANIA
# WESTERN DISTRICT

IN RE: FORTIETH INVESTIGATING     :   No. 88 WM 2018
STATEWIDE GRAND JURY          :
                                    :
                                    :
PETITION OF: D.T.                :

## ORDER

**AND NOW**, this 6th day of July, 2018, upon consideration of the Petition for Review, and in light of the Office of Attorney General's indication that it has not fully developed the merits of its counter-argument and its request to submit additional briefing should this dispute proceed beyond the initial filings, this matter is to be considered by the Court upon full briefing by the parties on an expedited basis.

Petitioner is challenging a June 13, 2018 order, which referenced a June 5, 2018 order that the supervising judge certified for appellate review. *See* Pa.R.A.P. 3331(a)(5). As identified in Petitioner's General Statement of Objections to the Order, with some rephrasing by this Court, Petitioner is presenting the following appellate claims:

1.      Whether the Report's conclusions about Petitioner are not supported by a preponderance of the evidence?

2.      Whether the supervising judge violated Petitioner's fundamental rights to his good reputation and due process of law under Article I Sections 1, 9, and 11 of the Pennsylvania Constitution by denying him a pre-deprivation hearing?

Petitioner's brief is due by 2:00 p.m. on July 10, 2018. At that time, Petitioner shall present an unredacted brief, which shall be filed under seal. Simultaneously, to ensure as much public access as possible without violating grand jury secrecy, Petitioner shall submit a redacted version of the brief suitable for public docketing. The Office of Attorney

General, as the opposing party, shall review Petitioner's redacted brief and, no later than 2:00 p.m. on July 13, shall file a letter with the Prothonotary, either certifying that the Office of Attorney General agrees that the redacted brief does not violate grand jury secrecy or objecting to the release of the redacted version of the brief on the basis that it allegedly violates grand jury secrecy.

In the event the Office of Attorney General certifies that it agrees that Petitioner's redacted brief does not violate grand jury secrecy, the document shall be immediately docketed for public view. If the Office of Attorney General objects to the release of the redacted version, such objections shall be immediately forwarded to the supervising judge for his prompt consideration and disposition.

The Office of Attorney General's appellate brief shall be due by 2:00 p.m. on July 13, 2018. At that time, the Office of Attorney General shall present an unredacted brief, which shall be filed under seal. Simultaneously, the Office of Attorney General shall submit a redacted version of the brief suitable for public docketing. Petitioner, as the opposing party, shall review the redacted brief. Following that review, and no later than 2:00 p.m. on July 17, 2018, Petitioner shall file a letter, either certifying agreement that the Office of Attorney General's redacted brief does not violate grand jury secrecy or identifying with specificity any aspects of the redacted version which Petitioner believes violate such secrecy.

In the event Petitioner certifies agreement that the Office of Attorney General's redacted brief does not violate grand jury secrecy, the document shall be immediately docketed for public view. In the event Petitioner objects to the release of the redacted version, such objections shall be immediately forwarded to the supervising judge for his prompt consideration and disposition.

The parties are cautioned against instigating unnecessary ancillary litigation regarding the production of redacted versions of the brief suitable for public docketing, and any such ancillary litigation will not delay this Court's resolution of the challenges to the Report.

Any *amicus curiae* briefs, regardless of which side they support, shall be due by 2:00 p.m. on the fourth business day following the public disclosure of Petitioner's or the Office of Attorney General's redacted brief, whichever occurs later.

In consideration of the timeliness concerns, the parties will not be permitted to submit reply briefs. Service of all submissions must be made at the time of filing via e-filing, fax, e-mail, or personal delivery. Requests for changes to the briefing schedule will not be entertained, and no extensions will be granted.

Consistent with the expedited treatment of this matter, the request of the Office of Attorney General to proceed to oral argument, which it has made in several of its answers, is DENIED. This matter will be submitted on the briefs.

The instant order is unsealed.